UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NICKY S. TOMBLIN,

    *Plaintiff*,

v.

JOHN C. PHELAN, Secretary of the Navy, et al.,

    *Defendant*.

Civil Action No. 1:23-cv-3782 (CJN)

## ORDER

Plaintiff Nicky Tomblin, a retired Navy midwife, initiated this APA action to challenge a temporary, performance-based restriction that the Navy placed on her midwifery privileges. *See* ECF No. 1 at 1 & ¶¶ 6–7. After filing the administrative record, Defendants moved for summary judgment on the basis that the Navy's restriction was neither contrary to law nor arbitrary and capricious. *See* ECF No. 16 at 1.

Shortly before Tomblin's combined cross-motion and opposition was due, her counsel withdrew from representation. *See* Min. Order of Oct. 15, 2024; ECF No. 17. Tomblin then moved for a temporary stay of the briefing schedule while she sought to retain new counsel, *see* ECF No. 18; the Court granted that motion and ordered Tomblin to file a status report by December 7, 2024, apprising the Court of her efforts to obtain new counsel and proposing a revised briefing schedule, if necessary. *See* Min. Order of Nov. 8, 2024. On that date, Tomblin filed a further motion "for more time to obtain the appropriate legal counsel for my case," "at least 1–2 months." ECF Nos. 19, 20. The Court granted that motion and ordered a status report by January 12, 2025. *See* Min. Order of Dec. 13, 2024.

1

After nearly four months had elapsed and Tomblin still had not filed a status report or requested additional time in which to do so, the Court ordered her by April 30, 2025 to "file an explanation in writing as to why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and D.C. Local Civil Rule 83.23."  Min. Order of Apr. 4, 2025.  The Court also warned Tomblin that, if she did not "file a timely and adequate response, this matter shall be dismissed without prejudice."  *Id.*  The Clerk then mailed the Court's order to Tomblin.  *See id.*

Tomblin did not file anything by the Court's April 30, 2025 deadline, and so the Court— "in view of the entire procedural history of the case"—now finds that Tomblin "has not manifested reasonable diligence in pursuing" her claims.  *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985).  The Court will accordingly dismiss Tomblin's case under Rule 41(b) for failure to prosecute.  *Id.*; *see also Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute . . . .").  In keeping with the "default rule" in this court, the Rule 41(b) dismissal shall be without prejudice.  *Robinson v. Hemingway*, 2023 WL 8369934, at *2 (D.D.C. 2023) (citing LCvR 83.23).

For the foregoing reasons, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice; and it is further

**ORDERED** that Defendant's motion for summary judgment, ECF No. 16, is **DENIED AS MOOT**.

The Clerk of Court is directed to terminate this case.

DATE:  May 8, 2025

_____
CARL J. NICHOLS
United States District Judge